**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Hector Miguel Grijalva Cambronero,<br><br>Petitioner,<br><br>v.<br><br>David R Rivas,<br><br>Respondent. | No. CV-26-00405-PHX-KML (ASB)<br><br>**ORDER** |

Petitioner Hector Miguel Grijalva Cambronero is a native and citizen of Guatemala. (Doc. 8-1 at 2.) In January 2026, petitioner filed a pro se petition for writ of habeas corpus. (Doc. 1.) The court was unable to determine the precise nature of petitioner's claims but ordered respondents to respond to the petition and provide evidence regarding the status of petitioner's immigration proceedings. (Doc. 3.) According to that evidence, petitioner entered the United States without inspection in 1998. In 2016, petitioner was arrested by Border Patrol but released on a $10,000 bond. (Doc. 8-1 at 2.) In 2021, an Immigration Judge denied petitioner's "asylum, withholding, and CAT applications, denied cancellation of removal for certain nonpermanent residents, and granted voluntary departure." (Doc. 8-1 at 2.) It is unclear what happened after the Immigration Judge's ruling but on May 28, 2025, petitioner was re-detained. At a bond hearing on August 1, 2025, the Immigration Judge denied bond because petitioner was deemed a flight risk.

For unexplained reasons, it was not until February 2026 that the BIA dismissed Petitioner's appeal. Petitioner then sought review with the Ninth Circuit and that court

issued a stay of removal. (Doc. 8-1 at 2.) That stay of removal remains in place. Thus, petitioner has a final order of removal, has been detained since May 2025, but will not be removed until the Ninth Circuit lifts the stay. A deportation officer states there is a "high likelihood" petitioner will be removed to Guatemala once the stay is lifted. (Doc. 8-1 at 2.) On March 31, 2026, petitioner filed a motion seeking to supplement the record to show the hardship his continued detention is having on his family. (Doc. 11.)

Petitioner does not appear to have any viable claim for relief at this time. Petitioner's order of removal became final on February 17, 2026, meaning he remains in the presumptively reasonable six-month period of detention recognized in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Petitioner seems to argue his detention is indefinite and prolonged but that is the direct result of his petition for review filed with the Ninth Circuit. "Although [petitioner's] removal has certainly been delayed by his pursuit of judicial review of his administratively final removal order, he is not stuck in a 'removable-but-unremovable limbo,' as the petitioners in *Zadvydas* were." *Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008). The only evidence is the government "stands ready to remove [petitioner] as soon as judicial review is complete." *Id.* In these circumstances, petitioner's "detention, while lengthy, is not indefinite." *Id.* at 1065. Petitioner is not entitled to relief at this time.

**IT IS ORDERED** the petition for writ of habeas corpus (Doc. 1) is **DENIED**. The Clerk of Court shall enter judgment in favor of respondent and close this case.

**IT IS FURTHER ORDERED** the Motion to Supplement (Doc. 11) is **GRANTED**.

**IT IS FURTHER ORDERED** the Motion to Transfer Venue (Doc. 15) is **DENIED**.

Dated this 4th day of June, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**

- 2 -